```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

FANCHER                                    CIVIL ACTION

VERSUS                                     NO: 10-1998

SOUTHERN TOWING COMPANY                    SECTION: J (4)
```

## ORDER AND REASONS

Before the Court is Defendant's **Motion to Transfer Venue (Rec. Doc. 7)**, as well as Plaintiff's **Memorandum in Opposition (Rec. Doc. 9)**, Defendant's **Reply Memorandum in Support (Rec. Doc. 15)**, and Plaintiff's **Supplemental Memorandum in Opposition (Rec. Doc. 17)**.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiff filed this action under the Jones Act and general maritime law, alleging that he suffered two personal injuries while working aboard Defendant's vessels-the first incident occurred on April 25, 2009, on the Cumberland River near Eddyville, Kentucky, and the second incident occurred on August 4, 2009, on the Upper Mississippi River, near St. Louis, Missouri.

Plaintiff, a Mississippi resident, was a deckman employed by Defendant when the alleged injuries occurred. Defendant, a Tennessee corporation with its principal place of business in Tennessee, is in the barge-towing business and operates on the inland and coastal waterways of the United States, including the

waterways of Mississippi. Defendant does not contest that jurisdiction and venue are proper in this district.

## THE PARTIES' ARGUMENTS

As a threshold matter, Defendant explains that this action could have originally been brought in the United States District Court for the Northern District of Mississippi, as Defendant has not only consented to jurisdiction in that district, but also conducts enough business there as to warrant general jurisdiction in that district. Defendant evaluates the case using private and public interests factors articulated by the Fifth Circuit and comes to the conclusion that the interests of justice demand transfer. First, Defendant explains that neither of the injuries that Plaintiff alleges took place in the Eastern District of Louisiana and that Plaintiff received all of his medical treatment from three providers located in the Northern District of Mississippi. Therefore, Defendant argues that the "location of the relevant events" factor supports transfer.

Next, Defendant argues that Plaintiff's choice of venue should be given less deference because Plaintiff resides outside of this District. At all times relevant to this action, Plaintiff's home address has been in Ackerman, Mississippi, which is located in the Northern District of Mississippi. Thirdly, Defendant avers that the "availability and convenience of the witnesses" factor favors transfer. Defendant provides the mileage

that each potential fact witness will have to travel for trial in this District and the Northen District of Mississippi and demonstrates that all but one of the potential witnesses live closer to the Northen District of Mississippi than to this Court. In particular, Plaintiff lives only 66 miles from the Northen District of Mississippi, yet, 278 miles from this Court. Although Defendant acknowledges that it can compel attendance of its employees at trial, Defendant explains to the Court that it cannot be certain the potential witnesses will remain employees throughout the litigation.

Defendant also contends that litigating in the Northern District of Mississippi will be more cost-effective because of reduced travel for the relevant parties. This case was only recently filed; therefore, transferring the case will not induce any prejudice. Additionally, according to Defendant, there is no indication that the Northern District of Mississippi has any administrative difficulties or suffers from court congestion. Defendant believes that citizens of Mississippi would have a greater interest in the outcome of this case because Plaintiff is a resident of Mississippi and received medical treatment in Mississippi. Lastly, Defendant notes that this is a Jones Act claim (and that therefore the "choice of law" factor would not favor either forum) and that the location of Plaintiff's counsel should have no bearing on the venue.

Plaintiff counters by pointing out that the relevant events took place in neither district, that physician testimony is often presented via deposition in modern litigation, and that the location of fact witnesses should be given less deference in this scenario because they are seamen. Plaintiff emphasizes that his choice of forum should not be disturbed absent the Defendant carrying its burden. Plaintiff also argues that none of the following factors argue in favor of transfer: choice of law, relationship of the community to the suit (as the incidents did not occur in Mississippi), location of counsel, and administrative difficulties resulting from court congestion. As a final note, Plaintiff argues that should the Court decide to transfer the case, the Court should choose not choose the Northern District of Mississippi, but rather the Western District of Tennessee where the Defendant is headquartered.

## DISCUSSION

**A.   Governing Law**

Section 1404(a) states that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  In reviewing a motion to transfer pursuant to § 1404(a), a plaintiff's choice is clearly a factor to be considered, however, that choice is "'neither conclusive nor determinative.'" <u>Allen v. Ergon Marine & Indus. Supply, Inc.</u>,

4

No. 08-4184, 2008 WL 4809476 (E.D. La. Oct. 31, 2008) (quoting In re Horseshoe Entertainment, 337 F.3d 429, 434-35 (5th Cir. 2003)). Nevertheless, when a plaintiff expresses a preference, the defendant is tasked with the burden of proving that the case should be transferred. See Allen, 2008 WL 4809476, at *3 (stating "the plaintiff's privilege of choosing venue places the burden of proof on the defendant, as moving party, to demonstrate why the forum should be changed"). A defendant can establish this burden by demonstrating, through the factors set out in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947), that the transferee venue is clearly more convenient. Id.

Gilbert established both private and public interest factors that Courts should consider when determining whether transfer is proper under § 1404(a). The private interest factors include: (1) "the relative ease of access to sources of proof;" (2) availability of witnesses; (3) possibility of view of premises, if view would be appropriate to the action;" and (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive."

The public interest factors include: (1) the administrative difficulties created by court congestion; (2) the interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the state law that must govern the case; (4) the

5

unfairness of burdening citizens in an unrelated forum with jury duty; and (5) the interest in avoiding unnecessary problems in conflict of laws, or in the application of foreign law. Additionally, courts also consider whether transferring the matter promotes judicial economy, avoids duplicative litigation, and prevents waste of resources.

### B.  Private Interest Factors

The private interest factors require this Court to analyze such things as access to sources of proof, availability of witnesses and access to relevant premises, as well as judicial economy. The instant case presents the Court with an interesting situation, as the alleged injuries did not take place in either of the proposed districts. Therefore, factors such as access to sources of proof and view of the premises do not weigh in favor of either district.

Although the alleged accidents did not occur in the Northern District of Mississippi, Plaintiff and all of his treating physicians reside in the Northern District of Mississippi, and most of the potential fact witnesses reside closer to the Northern District of Mississippi than to the Eastern District of Louisiana. There is no tie to this district other than the fact that Plaintiff filed suit here. Consequently, the private interest factors weigh in favor of transferring the case to the Northern District of Mississippi–but only slightly, as trials do

often involve physician testimony via deposition and many of the fact witnesses (seamen who may be employed by the Defendant throughout the litigation) would likely fly to a trial in either district.

### C. Public Interest Factors

The public interest factors require the Court to analyze the administrative difficulties created by court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the state law that must govern the case; the unfairness of burdening citizens in an unrelated forum with jury duty; and the interest in avoiding unnecessary problems in conflict of laws, or in the application of foreign law. Additionally, courts also consider whether transferring the matter promotes an efficient use of judicial resources.

Again, because Plaintiff's alleged accidents did not occur in either district, neither the Eastern District of Louisiana nor the Northern District of Mississippi has a very strong interest in serving as the forum for the litigation. Neither district presents court congestion problems, and neither district would encounter choice-of-law obstacles, as this is a Jones Act case. The Court notes that because Plaintiff resides in the Northern District of Mississippi, that community may have a slightly stronger stake in the outcome of the litigation. However, the

7

public interest factors do not strongly favor either district.

**D.    Conclusion**

Courts should only transfer cases when the moving party has shown that the tranferee venue is "clearly more convenient." <u>In re Volkswagen of America, Inc.</u>, 545 F.3d 304, 315 (5th Cir. 2008). Defendant has highlighted three key reasons that this Court should transfer the case. First, Plaintiff resides in the transferee district. Second, most of the witnesses live closer to the transferee district. And, third, Plaintiff received medical treatment in the transferee district. However, even cumulatively, these factors do not show that the Northern District of Mississippi is "clearly more convenient."

As to the first reason, Plaintiff has filed this suit in this district-so clearly, Plaintiff would prefer this district to the transferee district. Second, although most of the witnesses live closer to the Northern District of Mississippi, there are several reasons why this argument does not hold too much water-air travel would be involved for many of the witnesses regardless of the outcome of this motion, some of the witnesses may be Defendant's employees, and some of the witnesses are seamen (and therefore their locations should not be weighed as heavily in this calculus). The third reason that Defendants have articulated-that Plaintiff has received medical treatment in the transferee district-is not sufficient without other factors

8

favoring transfer. As this Court has explained, most of the other Gulf Oil factors do not weigh in favor of either district–as the alleged injuries occurred elsewhere.

Because Defendant has not carried its burden of showing that the Northern District of Mississippi is clearly more convenient than the Eastern District of Louisiana, this Court will respect Plaintiff's choice of venue.

**IT IS ORDERED** that the Defendant's **Motion to Transfer Venue (Rec. Doc. 7)** is **DENIED**.

New Orleans, Louisiana, this 8th day of October, 2010.

_____
CARL J. BARBIER
U.S. DISTRICT JUDGE

9